IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | NO. 3-04-CR-0294-R |
| | § | NO. 3-08-CV-1874-K |
| ROBERT TROY SLADE | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Robert Troy Slade, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

A jury convicted defendant of possession with intent to distribute approximately 24.3 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B), unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Punishment was assessed at 235 months confinement followed by supervised release for a period of four years. His convictions and sentences were affirmed on direct appeal. *United States v. Slade*, 251 Fed.Appx. 946, 2007 WL 3120021 (5th Cir. Oct. 25, 2007), *cert. denied*, 128 S.Ct. 1460 (2008). Defendant then filed this motion under 28 U.S.C. § 2255.[1]

---

[1] Defendant first sought post-conviction relief while his direct appeal was pending. That motion was dismissed without prejudice. *See United States v. Slade*, No. 3-06-CV-1426-R, 2007 WL 57131 (N.D. Tex. Jan. 8, 2007).

II.

In multiple grounds for relief, defendant contends that: (1) the government withheld exculpatory evidence and knowingly presented false testimony at trial; and (2) he received ineffective assistance of counsel at trial and on appeal.

A.

The court rejects defendant's claim that the government withheld exculpatory evidence and knowingly presented false testimony at trial. Where, as here, a defendant fails to raise an issue on direct appeal, that issue is procedurally barred in a section 2255 proceeding unless the defendant can demonstrate "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). A defendant must satisfy the "cause" and "prejudice" test even if he alleges fundamental constitutional error. *Murray v. Carrier*, 477 U.S. 478, 493-95, 106 S.Ct. 2639, 2648-49, 91 L.Ed.2d 397 (1986). The only recognized exception to this rule is in "extraordinary case[s]" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 978 (1992), *quoting Carrier*, 106 S.Ct. at 2649.

Defendant alleges that the government withheld evidence that a key witness, Dallas Police Officer Stanley Verbal, was under investigation for an unspecified offense and instructed Officer Verbal to testify falsely at trial. (*See* Def. Br. at 2). Not only has defendant failed to explain why this issue was not raised on direct appeal, but the claim is without merit in any event. In order to prove that the government withheld exculpatory evidence, defendant must show that the evidence was favorable to the defense and material to either guilt or punishment. *See Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993). Evidence is "material" only if there is a reasonable probability that

the outcome of the trial would have been different had the exculpatory material been disclosed. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985); *Andrews v. Collins*, 21 F.3d 612, 626 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 908 (1995). Other than the vague and conclusory assertion that Officer Verbal was "being investigated," defendant offers nothing to support this claim. *See Hughes v. Johnson*, 191 F.3d 607, 629-30 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1003 (2000) (speculative and conclusory assertion that prosecutor withheld favorable evidence will not support a claim for post-conviction relief).

Nor has defendant shown that Officer Verbal testified falsely at trial. In order to establish a due process violation based on the use of perjured testimony, defendant must prove that: (1) the testimony was false; (2) the prosecutor knew it was false; and (3) the evidence was material. *Blackmon v. Scott*, 22 F.3d 560, 565 (5th Cir.), *cert. denied*, 115 S.Ct. 671 (1994). Here, there is absolutely no evidence that Officer Verbal lied at trial, much less that the government knew his testimony was false. Defendant's unsubstantiated claim that "Officer Verbal was instructed by the Government on more than one occasion . . . to lie about his testimony" does not come close to proving that the witness committed perjury. *See United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989); *Jackson v. Quarterman*, No. 3-06-CV-0494-G, 2008 WL 58879 at *6 (N.D. Tex. Jan. 3, 2008), *COA granted on other grounds*, No. 08-10051 (5th Cir. Dec. 10, 2008).

B.

In four grounds for relief, defendant contends that he received ineffective assistance of counsel at trial because his attorney: (1) was on pain medication due to injuries sustained in an automobile accident and could not properly represent him; (2) failed to call Daniel Baker as a defense witness; (3) did not object when Officer Verbal testified about a pending drug case; and (4) failed to object to testimony about an unauthenticated traffic ticket.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064-65. Second, the defendant must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

2.

All of defendant's ineffective assistance of counsel claims are either conclusory in nature or refuted by the record. Although defendant alleges that his representation was compromised because his attorney was taking pain medication, there is absolutely nothing in the record to suggest that counsel was taking medication during the trial or rendered ineffective assistance due to the side effects of any such medication.[2] Nor has defendant proffered the missing testimony of Daniel Baker. Without such a proffer, this claim is too speculative to merit post-conviction relief. *See Evans v.*

---

[2] Defendant alleges that his attorney was seriously injured in an automobile accident on February 1, 2005. (*See* Def. Mot. at 7). However, the trial did not begin until July 25, 2005.

*Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). As for defendant's complaint about testimony regarding his pending drug case, the record shows that counsel timely objected when the government asked Officer Verbal to explain the purpose of his contact with defendant on October 21, 2003. (*See* Trial Tr-I at 89). After the objection was overruled, the witness responded that he "received information that the Defendant was carrying an amount of methamphetamine." (*See id.* at 90). That counsel was unsuccessful in his efforts to keep this evidence from the jury does not mean he was ineffective. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir.), *cert. denied*, 103 S.Ct. 2100 (1983). Counsel also made several objections to Officer Verbal's testimony about a traffic citation issued to defendant. (*See* Trial Tr-I at 30-35). One such objection was that the witness did not write the ticket and, therefore, lacked personal knowledge. (*Id.* at 32). Any argument by defendant that his attorney failed to object to this testimony is not supported by the record.

C.

Finally, defendant criticizes his appellate lawyer for failing to raise certain issues on direct appeal. "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.), *cert. denied*, 110 S.Ct. 419 (1989); *see also Jones v. Barnes*, 463 U.S. 745, 751-53, 103 S.Ct. 3308, 3313-14, 77 L.Ed.2d 987 (1983). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004); *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999). In order to prove ineffective assistance of appellate counsel, the defendant must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000), *citing Strickland*, 104 S.Ct. at 2064. This

reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id., quoting Williamson*, 183 F.3d at 462.

In a well-researched brief, appellate counsel challenged defendant's conviction for unlawful possession of a firearm by a convicted felon on the grounds that: (1) mere movement of a firearm from one state to another does not have a "substantial" effect on interstate commerce; and (2) section 922(g)(1) is unconstitutional because it does not require a "substantial" effect on interstate commerce. (*See* Gov't App., Exh. 3). Although defendant claims that his attorney had a conflict of interest that precluded him from raising additional issues on direct appeal,[3] he has failed to articulate a legitimate basis for asserting any other issues for review, much less shown that the outcome of his appeal would have been different had those issues been raised. His conclusory allegations are insufficient to merit post-conviction relief. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir.), *cert. denied*, 121 S.Ct. 122 (2000).

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[3] Defendant alleges that his appellate lawyer, Assistant Federal Public Defender Jason Hawkins, was "Of Counsel" to the law firm that represented him at trial. (*See* Def. Br. at 6). Not surprisingly, no evidence is submitted to support that accusation.

DATED: January 5, 2009.

_/s/ Jeff Kaplan_
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE